IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DENT WILBUR,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF SAN LEANDRO, et al.,<br><br>        Defendants.<br>_____ / | No. C 05-05403 SI<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS** |

Defendants have filed a motion to dismiss for failure to state a claim on which relief can be granted, or alternatively for a more definite statement. Pursuant to Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for March 17, 2006. Having carefully considered the papers submitted, and for good cause shown, the Court hereby GRANTS IN PART defendants' motion for the reasons set forth below.

**BACKGROUND**

During October 2002, plaintiff John Wilbur was stopped by San Leandro police while driving his car. The officers searched Wilbur and his car pursuant to a search warrant, and found 15.2 grams of suspected methamphetamine. Wilbur's residence was then searched under the warrant, where police seized $6,411 in cash and several vehicles, including a 1969 Chevrolet Camaro. Compl., ¶¶ 7-9. The Camaro was subsequently stolen while in police custody. *Id.* ¶ 16. The other vehicles have since been ordered returned to Wilbur by the Superior Court of Alameda County, along with $2,000 pursuant to a negotiated disposition, while forfeiture proceedings for the Camaro have been terminated. Pl. Exh. A, B, C.

Wilbur filed suit against the City of San Leandro ("the City"), the San Leandro Police Department, arresting officers Rich Decosta, Christopher Tankson, and Jeff Tudor, Joseph Kitchen, Kim Degrano, Vince Marchetti, Dan Fernandez, and 100 Doe defendants. The complaint does not specify who Kitchen, Degrano, Marchetti, and Fernandez are, or how they are relevant to the case.[1] The complaint alleges a deprivation of rights guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983. It also asserts three causes of action in tort under theories of negligence, trespass to chattel, and conversion. Wilbur seeks general, special, and punitive damages, interest, and attorneys fees and costs for each stated cause of action.

Now before the Court is defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, defendants seek a more definite statement under Federal Rule of Civil Procedure 12(e).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

---

[1] Defendants' brief indicates that Kitchen is the police chief, Degrano and Marchetti are detectives, and Fernandez is a police officer. Def. Br. at 1:3-10.

the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

Under Rule 12(e) of the Federal Rules of Civil Procedure, "if the pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e).

**DISCUSSION**

Defendants seek to dismiss plaintiff's section 1983 claims based on the First and Fourteenth Amendments as being frivolous and superfluous. In addition, they seek dismissal of his tort claims as being barred by sovereign immunity. Finally, they seek to have plaintiff's prayer for punitive damages against a public entity stricken as being barred by law. In the alternative, defendants seek an order that would force plaintiff to file a more definite statement, based on their understanding that they are currently faced with responding to two separate but similar complaints regarding this matter. The latter issue will be addressed first for the sake of clarity.

**1.    Defendants' Motion for a More Definite Statement**

Plaintiff originally filed his complaint in state court. That action was removed to federal court on November 26, 2003 and assigned case No. C 03-5368 SI; it was thereafter dismissed without prejudice, subject to a tolling stipulation, since plaintiff was being criminally prosecuted at the time. That complaint was filed under Case No .C 03-05368 SI. Following conclusion of the criminal case, plaintiff filed an entirely new action, Case No. C 05-5403, and then filed a motion to relate the new action to the old one. That motion was granted on January 18, 2006, and the new case was assigned to this Court as a result.

Case No. 03-05368 SI is closed. Since that complaint has not been revived, defendants are not faced with the task of responding to two nearly identical complaints, as they contend in their alternative

3

request for a more definite statement.² Def Br. at 11:2-6. The only open action relating to this matter is C 05-5403 SI, and all arguments in the instant motion and any future motions will be analyzed in light of the C 05-05403 SI complaint only.

**2.       Should Plaintiff's Section 1983 Claim be Dismissed For Failure to State a Claim?**

Defendants argue that they are at a loss as to how they violated plaintiff's First Amendment rights. The complaint is indeed unilluminating on this point since it only alleges unlawful seizure in regards to the section 1983 claim. Plaintiff's brief responding to the instant motion also does not point to a single factual allegation that would support a section 1983 claim based on the First Amendment. This Court may dismiss a claim for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Plaintiff's First Amendment claim fails under the latter test, as he has not alleged any facts that, if true, could conceivably relate to a violation of any of his First Amendment rights. Plaintiff's section 1983 cause of action is therefore dismissed without prejudice to the extent it is based on an alleged violation of plaintiff's First Amendment rights.

Defendants next contend that plaintiff's Fourteenth Amendment claim must be dismissed. The Supreme Court has held that when a particular amendment prohibits a specific type of government action, it is that amendment, and not the notion of substantive due process contained within the Fourteenth Amendment, that must be the guide for analyzing any claim based on that government action. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994). The Fourth Amendment, with its prohibition of unreasonable searches and seizures, was drafted specifically to address the pretrial deprivations of liberty attendant to a criminal prosecution. *See id.* at 274. While the Fourteenth Amendment applies to some forms of forfeiture, only the Fourth Amendment applies to seizure in the context of an arrest. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 49-51 (1993). All of the unlawful

---

²Defendants' confusion on this may stem from the recent issuance of a summons to Walter Aldred, an officer who was a defendant under the C 03-05368 SI complaint, but has not been made a party to C 05-05403 SI. That summons, dated January 18, 2006, is listed on the dockets of both cases, and is the only docket entry on C 03-05368 SI that appears after the order relating the two cases. It is not clear why Aldred has been served with this summons.

seizures alleged in the complaint were incident to Wilbur's arrest. He is therefore barred from bringing an action under the Fourteenth Amendment, and is not entitled to present evidence on that claim. Plaintiff's section 1983 claim must be dismissed without prejudice to the extent it is based on the Fourteenth Amendment.

### 3. Are Plaintiff's Common Law Claims Against the City Barred by Law?

Defendants next argue that Wilbur's common law claims for negligence, trespass to chattel, and conversion against the City must also be dismissed since public entity liability in California can only be based on statutory grounds, and must be pled with particularity. In California, government tort liability is covered by the California Tort Claims Act ("CTCA"). Cal. Gov. Code § 810 et seq. The CTCA abolishes direct public entity liability except when provided for by statute. *See* Cal. Gov. Code § 815(a). However, the CTCA also provides that a public entity is vicariously liable for common law torts by its employees acting within the scope of employment. *See* Cal. Gov. Code § 815.2(a); *Adams v. City of Fremont*, 68 Cal. App. 4th 243, 264 (Cal. Ct. App. 1998). The facts alleged in the complaint indicate that the actions of defendant City employees were undertaken within the scope of their employment. While the complaint does not make the distinction between direct and vicarious liability, the failure of plaintiff's counsel to articulate the correct legal theory of liability does not justify dismissal of the common law causes of action. *See Air Line Pilots Ass'n, Int'l v. Transamerica Airlines, Inc.*, 817 F.2d 510, 516 (9th Cir. 1987). The Court finds that plaintiff has adequately pled common law violations from which City liability may flow.

### 4. Are Plaintiff's Prayers for Punitive Damages Against the City Barred by Law?

Finally, defendants contend that plaintiff's request for punitive damages against the City must be stricken as a matter of law. In a section entitled "Absence of liability for exemplary and punitive damages," the California Government Code provides:

> Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant.

Cal. Gov. Code § 818. In addition, the long history of municipal immunity from punitive damages

5

applies to section 1983 actions. *See Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). The prayers for punitive damages must be stricken from all causes of action to the extent they seek such damages against the City. Plaintiff can proceed with his claims for punitive damages against individuals. *See Smith v. Wade*, 461 U.S. 30, 35 (1983).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss with respect to the section 1983 claims based on the First and Fourteenth Amendments, and with respect to the prayers for punitive damages against the City. The Court DENIES defendants' motion with respect to the common law claims seeking to hold the City liable. [Docket #11]

**IT IS SO ORDERED.**

Dated: March 16, 2006

SUSAN ILLSTON
United States District Judge