**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN DENT WILBUR,

    Plaintiff,

  v.

CITY OF SAN LEANDRO, et al.,

    Defendants.

Nos. C 03-5368, 05-05403 SI

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT FOR INDEMNITY AND CONTRIBUTION**

On September 14, 2006, defendants filed a motion for leave to file a third-party complaint for indemnity and contribution. A hearing on the motion is currently scheduled for November 17, 2006. On October 23, 2006, plaintiff withdrew his opposition to defendants' motion. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. (**The case management conference remains on calendar for November 17, 2006 at 2:30 p.m.**) The Court GRANTS defendants' unopposed motion, for the following reasons.

Federal Rule of Civil Procedure 14(a) provides:

> At any time after commencement of the action a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third party plaintiff.

Fed. R. Civ. P. 14(a) (2001). The decision whether a third party claim under Rule 14 should be permitted is committed to the district court's discretion. *See Southwest Admin., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). Because the rule is designed to reduce multiplicity of litigation, it is to be construed liberally in favor of allowing impleader. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 393 (1st Cir. 1999). Impleader should therefore be allowed "on any colorable claim of

derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." *FDIC v. Loube*, 134 F.R.D. 270, 272 (N.D. Cal. 1991).

Plaintiff brought this action against defendants to recover for the loss of his Chevrolet Camaro. Defendants seek to implead the Contra Costa Public Auto Auction, the company which allegedly had control over the Camaro at the time it was lost. Impleader thus appears appropriate. Accordingly, the Court GRANTS defendants' unopposed motion for leave to file a third party complaint for indemnity and contribution. (Docket No. 39).

**IT IS SO ORDERED.**

Dated: October 30, 2006

SUSAN ILLSTON
United States District Judge

2