Kimberly E. Colwell (SBN: 127604)
Email: kcolwell@meyersnave.com
Tricia L. Hynes (SBN: 212550)
Email: thynes@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants and Cross-Complainants CITY OF SAN LEANDRO, JOSEPH KITCHEN, JEFF TUDOR, CHRISTOPHER TANKSON, KIM DEGRANO, VINCE MARCHETTI, RICH DECOSTA and DAN FERNANDEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DENT WILBUR,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN LEANDRO, a Political Subdivision, SAN LEANDRO POLICE DEPARTMENT, JOSEPH KITCHEN, JEFF TUDOR, CHRISTOPHER TANKSON, KIM DEGRANO, VINCE MARCHETTI, RICH DECOSTA, DAN FERNANDEZ, and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No: C05-05403 SI<br><br>**DEFENDANTS AND CROSS-COMPLAINANTS CITY OF SAN LEANRDO, JOSEPH KITCHEN, JEFF TODOR, CHRISTOPHER TANKSON, KIM DEGRANO, VINCE MARCHETTI, RICH DECOSTA AND DAN FERNANDEZ'S CROSS-COMPLAINT FOR INDEMNITY AND CONTRIBUTION**<br><br>State Court Complaint filed: October 3, 2003<br>Trial Date: April 30, 2007 |
| CITY OF SAN LEANDRO, a California Municipality, JOSEPH KITCHEN, JEFF TUDOR, CHRISTOPHER TANKSON, KIM DEGRANO, VINCE MARCHETTI, RICH DECOSTA, DAN FERNANDEZ,<br><br>    Cross Complainants,<br><br>Vs.<br><br>CONTRA COSTA COUNTY PUBLIC AUTO AUCTION and ROES 1 through 20, inclusive,<br><br>    Cross-Defendants. | |

Defs and X-Cmplnt's Cross-Complaint [C05-05403 SI]

COMES NOW Defendants and Cross Complainants CITY OF SAN LEANDRO, SAN LEANDRO POLICE DEPARTMENT, incorrectly sued as a separate entity, JOSEPH KITCHEN, JEFF TUDOR, CHRISTOPHER TANKSON, KIM DEGRANO, VINCE MARCHETTI, RICH DECOSTA, and DAN FERNANDEZ (hereinafter Cross Complainants) who make the following Cross Complaint against CONTRA COSTA COUNTY PUBLIC AUTO AUCTION and Roes 1 through 20 (hereinafter "Cross Defendants") as follows:

## INTRODUCTION

1. This Cross Complaint arises out of the same facts and occurrences raised by the original action in this matter.

## JURISDICTION AND VENUE

2. The jurisdiction and venue of this Cross Complaint are derivative of the main action.

## PARTIES

3. Cross Complainant CITY OF SAN LEANDRO and its POLICE DEPARTMENT, incorrectly sued by plaintiffs as a separate entity, was at all times relevant to this Cross Complaint a public entity, existing under the laws of the State of California.

4. Cross Complainants JOSEPH KITCHEN, JEFF TUDOR, CHRISTOPHER TANKSON, KIM DEGRANO, VINCE MARCHETTI, RICH DECOSTA, and DAN FERNANDEZ were at all times relevant to this Cross Complaint employees of the CITY OF SAN LEANDRO and its POLICE DEPARTMENT, incorrectly sued by plaintiffs as a separate entity.

5. The true names or capacities, whether individual, corporate, associate, or otherwise, of the Cross Defendants named herein as Roe 1 through 20, are unknown to Cross-Complainants, who therefore sues said Cross-Defendants by such fictitious names. Cross-Complainants pray for leave to amend this cross-complaint to show the true names or capacities when the same have been finally determined.

6. Cross Defendant CONTRA COSTA COUNTY PUBLIC AUTO AUCTION was at all times relevant to the Cross Complaint situated in the County of Contra Costa and was at all times, and now is, believed to be a corporation licensed and authorized to do business in the State of California.

## STATEMENT OF FACTS

7. The Cross Complainants entered into a Contract with Cross Defendants to tow and auction automobiles at the Cross Complainants' request. This Contract included indemnity and defense for any liability arising out of loss or damage to any vehicle impounded by the Cross Complainants and left in the care of the Cross Defendants. Pursuant to this contract, the Cross Defendants arranged for the towing and storage of Plaintiff John Dent Wilbur's 1969 Camaro at Cross Defendants' lot on November 22, 2002.

8. On or about December 2, 2002, Pittsburg Police Officer M. Thompson responded to a complaint of vehicle theft made by Cross Defendants and completed a report on the matter, Report No. C02-11066. Plaintiff subsequently sued Cross Defendants for, among other damages, the value of his 1969 Camaro.

9. Cross Complainants subsequently caused a subpoena for records to be served upon the Cross Defendants seeking all relevant documents related to plaintiff John Dent Wilbur's 1969 Camaro and related to the contract between Cross Complainants and Cross Defendants. Cross Defendants executed a Certificate of No Records on June 26, 2006. Cross Complainants now seek indemnity, defense and contribution from Cross Defendants based upon the theft of the plaintiff's property from the Cross Defendant's care, custody and control.

## FIRST CAUSE OF ACTION

**(Express Indemnity)**

**Against All Cross-Defendants**

AS AND FOR A FIRST CAUSE OF ACTION AGAINST CROSS-DEFENDANTS, AND EACH OF THEM, CROSS-COMPLAINANTS ALLEGE AS FOLLOWS:

10. Cross Complainants incorporate by reference all previous paragraphs of this cross-complaint.

11. Cross-Complainants are informed and believe and thereon allege that each of the Cross-Defendants designated herein as Roe is responsible in contract or tort or equity or by statute for the events and happenings herein referred to, and did proximately cause the injuries and damages thereby to Cross-Complainants, as are hereinafter alleged.

12. The Cross Complainants entered into a Contract with Cross Defendants to tow and auction automobiles at the Cross Complainants' request. This Contract included indemnity and defense for any liability arising out of loss or damage to any vehicle impounded by the Cross Complainants and left in the care of the Cross Defendants.

13. On November 22, 2002, the Cross Defendants arranged for Bay Area Towing & Transportation to tow the plaintiff's 1969 Camaro to their Auction yard located at 1501 Loveridge Road in Pittsburgh, California, after the vehicle had been impounded by San Leandro Police Department. On or about December 2, 2002, Pittsburg Police Officer M. Thompson responded to a complaint of vehicle theft made by Cross Defendants and completed a report on the matter, Report No. C02-11066. Plaintiff subsequently sued Cross Defendants for, among other damages, the value of his 1969 Camaro.

14. By reason of the foregoing, the Cross Complainants are entitled to be indemnified by Cross Defendants for its attorneys' fees and other costs in defending the Complaint. Further, the Cross Complainants are entitled to be indemnified by Cross Defendants for any and all damages awarded to plaintiff John Dent Wilbur by means of the Complaint.

15. The Cross Complainants have incurred, and continues to incur, necessary and reasonable attorneys' fees and other legal costs in defending the Complaint. By the terms of the Contract between the Cross Complainants and Cross Defendants, the City of San Leandro is entitled to recover these fees and costs from Bay Construction Co. The City of San Leandro does not know the full amount thereof at this time and will move to amend this cross-complaint to state the amount when it becomes known to it, or on proof thereof.

## SECOND CAUSE OF ACTION
### (Equitable Indemnity)
### Against All Cross-Defendants

AS AND FOR A SECOND CAUSE OF ACTION AGAINST CROSS-DEFENDANTS, AND EACH OF THEM, CROSS-COMPLAINANTS ALLEGE AS FOLLOWS:

16. Cross Complainants incorporate by reference all previous paragraphs of this cross-complaint.

17. The Cross Complainants deny any and all liability in the Complaint.

18. The Cross Complainants allege that any damages referred to in the Complaint, if any there were, occurred as a direct, proximate and/or sole result of the carelessness and negligence of cross-defendants CONTRA COSTA COUNTY PUBLIC AUTO AUCTION and ROES 1 through 20, their employees, agents, representatives, and each of them, in and about the matters alleged in the Complaint.

19. By filing this cross-complaint and service on cross-defendants, and each of them, the Cross Complainants hereby notify said cross-defendants of its tender of the defense and indemnity of this action. Upon information and belief it is alleged that Cross Defendants herein have and will deny defense and indemnity of the Cross Complainants.

20. Should it be determined that the Cross Complainants, by virtue of the allegations of the Complaint, are liable to plaintiff John Dent Wilbur for any damages alleged in the Complaint, which is denied, the Cross Complainants are entitled to indemnity from CONTRA COSTA COUNTY PUBLIC AUTO AUCTION and ROES 1 through 20, and each of them, for any and all claims, losses, damages, attorneys' fees, judgments and settlement expenses incurred by the Cross Complainants in the Complaint.

21. As a direct and proximate and/or sole result of the primary and improper conduct of CONTRA COSTA COUNTY PUBLIC AUTO AUCTION and ROES 1 through 20, and their refusal to defend and indemnify the Cross Complainants there from, as aforesaid, the Cross Complainants have incurred and will continue to incur attorneys' fees and costs in the defense of the Complaint. In addition, the Cross Complainants have at their sole expense been required to prepare, file and prosecute this Cross Complaint. The amounts due to the Cross Complainants will be proven at trial.

22. The Cross Complainants' claims against CONTRA COSTA COUNTY PUBLIC AUTO AUCTION and ROES 1 through 20 arise out of the same transaction and/or occurrence as the Complaint, and a determination of all claims in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that would result if the Cross Complainants were required to defend the Complaint and then bring a separate action against cross-defendants, and each of them, for indemnification of any sum or sums which the Cross Complainants may be compelled to pay as a

result of any damages, judgment, or other awards recovered by plaintiff John Dent Wilbur.

## THIRD CAUSE OF ACTION

### (Contribution)

### Against All Cross-Defendants

AS AND FOR A THIRD CAUSE OF ACTION AGAINST CROSS-DEFENDANTS, AND EACH OF THEM, CROSS-COMPLAINANTS ALLEGE AS FOLLOWS:

23. Cross Complainants incorporate by reference all previous paragraphs of this Cross Complaint.

24. In the event that the plaintiff, or anyone else, should establish liability against Cross Complainants, which liability Cross Complainants deny, Cross Complainants are informed and believe that they may be obligated to pay sums that do not represent their own proportion of fault, but rather those of Cross-Defendants, and each of them. Cross Complainants request an adjudication and determination of the respective degrees of liability, if any, that they may have in relation to those of Cross-Defendants, as well as a determination that the Cross-Defendants pay those sums as damages that correspond to their proportionate degree of fault therefor.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief)

### Against All Cross-Defendants

AS AND FOR A FOURTH CAUSE OF ACTION AGAINST CROSS-DEFENDANTS, AND EACH OF THEM, CROSS-COMPLAINANTS ALLEGE AS FOLLOWS:

25. Cross Complainants incorporate by reference all previous paragraphs of this Cross Complaint.

26. An actual controversy exists between Cross Complainants and Cross Defendants, and each of them, under the circumstances alleged. Cross Complainants have tendered the defense of the subject action to Cross-Defendants to represent Cross Complainants' interests herein, and to hold harmless and to reimburse them for any judgment or settlement and all expenses and costs of suit, legal fees and other damages incurred. Cross-Defendants deny that they have these obligations.

26. By reason of the things and matters alleged herein, Cross Complainants desire a judicial determination of their rights and duties and a declaration as to whether in the event a judgment is obtained in this action against Cross Complainants, Cross Complainants are entitled to be indemnified by the Cross-Defendants, and each of them. Such a declaration is necessary and appropriate in order that Cross Complainants may ascertain their rights and duties and to avoid multiplicity of actions and to settle all claims between parties.

WHEREFORE, Cross Complainants pray for judgment against Cross-Defendants and ROES 1 through 20, and each of them, as hereinafter set forth.

## PRAYER

WHEREFORE, Cross Complainants pray for judgment as follows:

1. For a judicial declaration that the Cross Complainants are entitled to indemnity from Cross Defendants, and each of them, in regard to the matters alleged in the pleadings in this action;

2. For a declaratory judgment adjudicating that Cross Defendants, and each of them, are obligated to defend Cross Complainants in this action, to represent Cross Complainants' interest and to hold them harmless from any judgment or settlement, to reimburse them for all costs, expenses, legal fees and other damages incurred by them in defending this action;

3. For indemnity from and against any judgment that any party may obtain against Cross Complainants in this action;

4. For an apportionment of liability, if any, between the Cross Complainants and the Cross Defendants;

5. For damages according to proof;

6. For costs of suit herein; and

7. For such other and further relief as the court may deem proper and just.

Dated: November 13, 2006

Respectfully submitted,
MEYERS, NAVE, RIBACK, SILVER & WILSON

By:_____/s/_____
Tricia L. Hynes
Attorneys for Defendants and Cross Complainants CITY OF SAN LEANDRO, JOSEPH KITCHEN, JEFF TUDOR, CHRISTOPHER TANKSON, KIM DEGRANO, VINCE MARCHETTI, RICH DECOSTA and DAN FERNANDEZ